PALMER, J.
In this personal injury action, Homer Lovering appeals the final order entered by the trial court granting summary judgment in favor of appellees, Leslie Nicker-son and the Middlesex Corporation, on their affirmative defense of workers’ compensation immunity. Determining that *781 the trial court erred in concluding that Florida’s statutory doctrine of workers’ compensation immunity operates to bar Lovering from asserting negligence claims in this case, we reverse.
Middlesex was performing construction work on the Florida Turnpike pursuant to a contract with Florida’s Department of Transportation, and Nickerson was a heavy equipment operator working for Middlesex in connection with the road project. Middlesex was obligated to relocate sections of barrier wall used on the construction site and sub-contracted with DB Express to provide trucking services to fulfill that obligation. DB Express in turn contracted with Trimmer Trucking to provide the trucking services needed by Mid-dlesex. Trimmer Trucking leased a truck, as well as an unspecified driver/operator, to DB Express. At certain times, that driver/operator was Lovering.
At the time of Lovering’s injury, Nicker-son was operating a front-end loader/forklift on the construction site, using the equipment to load concrete barrier wall sections onto a flatbed tractor trailer that was being driven by Lovering. The complaint explained that, while the concrete barrier wall sections were being loaded, a section fell over and landed on Lovering, causing injuries resulting in the amputation of his legs. Lovering filed a complaint for personal injury against Nickerson and Middlesex.
Nickerson and Middlesex filed a joint answer generally denying liability and asserting several affirmative defenses, including a claim of workers’ compensation immunity. Specifically, Nickerson and Middlesex maintained that, at the time of the accident, Lovering was a statutory employee of Middlesex and, therefore, workers’ compensation immunity applied to bar Lovering’s negligence claims.
Nickerson and Middlesex filed a motion for summary judgment on their workers’ compensation immunity defense. Lover-ing responded by filing a competing motion for summary judgment asserting that workers’ compensation immunity did not apply to bar his negligence claims because, at the time of his accident, Lovering was not a statutory employee of Middlesex.
The trial court entered a written order granting Nickerson and Middlesex’s motion for summary judgment. The order states that the trial court found that Lov-ering was a statutory employee “as defined in Florida Statute 440.01(15)(e)” at the time of his injury and, therefore, Nicker-son and Middlesex were entitled to receive workers’ compensation immunity from Lovering’s negligence claims. The order also states that the trial court found “through reading of Florida Statute 440.02(15)(c)(l) through (4), that the Legislature has intended to include all persons working or performing services on a construction site within the definition of an ‘employee’ ”. This appeal timely followed.
Combined application of sections 440.10 and 440.11 of Florida’s Workers’ Compensation Act operates to provide contractors with immunity from liability in negligence lawsuits filed by injured employees under certain circumstances. As relevant to the instant appeal, section 440.10 of the Florida Statutes requires a contractor to obtain workers’ compensation coverage for all of the employees working on the construction site. See § 440.10(l)(b), Fla. Stat. (2007). Section 440.11 of the Florida Statutes meanwhile provides that, in exchange for the contractor’s statutory obligation to maintain workers’ compensation coverage for the employees on the construction site, the contractor receives immunity from negligence liability for injuries suffered by any employee:
440.11. Exclusiveness of liability
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive *782 and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death ...
§ 440.11(1), Fla. Stat. (2007). Section 440.02 of the Florida Statutes defines the term employee (generally referred to in the case law as statutory employee), in relevant part, as follows:
440.02. Definitions
When used in this chapter, unless the context clearly requires otherwise, the following terms shall have the following meanings:
[[Image here]]
[153(c) “Employee” includes:
1. A sole proprietor or a partner who is not engaged in the construction industry, devotes full time to the proprietorship or partnership, and elects to be included in the definition of employee by filing notice thereof as provided in s. 440.05.
2. All persons who are being paid by a construction contractor as a subcontractor, unless the subcontractor has validly elected an exemption as permitted by this chapter, or has otherwise secured the payment of compensation coverage as a subcontractor, consistent with s. 440.10, for work performed by or as a subcontractor.
3. An independent contractor working or performing services in the construction industry.
4. A sole proprietor who engages in the construction industry and a partner or partnership that is engaged in the construction industry.
§ 440.02(15)(c), Fla. Stat. (2007)(emphasis added). Section 440.02(8) of the Florida Statutes (2007) defines the term construction industry as meaning “for-profit activities involving any building, clearing, filling, excavation, or substantial improvement in the size or use of any structure or the appearance of any land.”
The trial court erred in entering summary judgment in favor of Nickerson and Middlesex on their workers’ compensation immunity defense because the evidence of record does not support the conclusion that Lovering was a statutory employee of Middlesex at the time of his accident since he was not working or performing services in the “construction industry.” Accordingly, we reverse the entry of the summary judgment in favor of Nickerson and Mid-dlesex, and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
EVANDER and COHEN, JJ., concur.